**LAW OFFICE OF GABRIEL A. LEVY, P.C.**

1129 Northern Boulevard. Suite 404, Manhasset, NY 11030  ✉ Glevy@glpcfirm.com  📞 (347) 941-4715

April 21, 2025

Hon. Jennifer E. Willis
United Stated Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

> Given Defendants' failure to respond, this request is GRANTED as unopposed. Defendants are ordered to respond, in detail, to Plaintiff's discovery requests by May 14, 2025. SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> United States Magistrate Judge
> May 7, 2025

RE: **VOLFMAN v. ATS RESTAURANT CORP, et al.**
     **DOCKET NO. 1:24-cv-6061**

Dear Judge Willis:

This office represents Plaintiff, Joseph Volfman ("Plaintiff"), in the above-referenced action. I write in accordance with Rule II (A) of Your Honor's Individual Practices in Civil Case and Rule 37.2 of the Federal Rules of Civil Procedure, to compel the Defendants ATS Restaurant Corp. d/b/a O'Hanlon's and 349 East 14 Street, LLC ("Defendants") to produce outstanding discovery.

**Relevant Factual and Procedural Background**
Plaintiff commenced the instant action for relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL"). Plaintiff alleges that the Defendants have failed to design, construct, maintain, and operate their establishment to be accessible and usable by Plaintiff who is a wheelchair user.

On March 5, 2025, following the Initial Conference before Your Honor, Plaintiff served discovery demands on Mr. Howard Chun, counsel for Defendants, including a request for production, interrogatories, a request for admissions, and a notice of deposition. As of April 21, 2025, Defendants have not responded, despite multiple good-faith follow-up efforts detailed below, including emails and phone calls to Mr. Chun.

The March 5th email transmitting the discovery demands also requested a meet-and-confer regarding the proposed deposition topics and asked Mr. Chun to confirm receipt. No response was received. A follow-up email was sent the following day again requesting confirmation of receipt—still no response. On March 11th, I sent another follow-up email, which likewise went unanswered. On April 4th, I emailed Mr. Chun to remind him that responses were due that day and requested confirmation they would be served. No response was received. I then attempted to call, but was unable to leave a voicemail because the mailbox was full. On April 8th, I sent another email noting the missed deadline and extending the response deadline to Friday, April 11th. I further advised that Plaintiff would move to compel if Defendants continued to ignore the discovery demands. On April 11th, I followed up once more, requesting an immediate status update.

To date, Mr. Chun has not responded to any of my emails or good-faith efforts to resolve this matter without Court involvement. Despite multiple attempts, my efforts have been substantial but ultimately unsuccessful.

**Argument**

Pursuant to Rule 26(b)(1), a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case." "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

The subject of Plaintiff's discovery revolves around the Defendants' policies, procedures, and efforts to make their physical premises ADA compliant. For example, Plaintiff's request for production seeks, among other things, documents relating to the inspection, evaluation, or maintenance of the property's accessibility for individuals who use wheelchairs, including, without limitation, whether the premises comply with the Americans with Disabilities Act Accessibility Guidelines (ADAAG). This includes but is not limited to documents concerning accessible routes, entrances, restrooms, seating, and any architectural barriers identified or remediated.

Critically, this request is made because the Defendants have failed to respond to discovery requests entirely and, notably, the Defendants have not asserted any objections to any of the discovery requests propounded. Furthermore, by granting us access to the requested and necessary discovery, we will be able to undertake a more meaningful analysis of the establishment and the claims in this action.

For the reasons outlined above, Plaintiff moves to compel responses the above-mentioned requests and for the Defendant to promptly identify the Defendants' deposition witnesses.

**Certification**

I certify that I have, in good faith, attempted to confer with Defendants regarding the outstanding discovery pursuant to Section II (A) of Your Honor's Individuals Practices and Federal Rule of Civil Procedure 37.2, as set forth above.

Respectfully,

Gabriel A. Levy